## ELIZABETH HARDEN, APPELLANT, v. ROBERT H. CORBETT, RESPONDENT.

*Action — when on contract.*

The plaintiff brought this action to recover money placed by her in the hands of the defendant, as her attorney, alleging in the complaint, that the defendant "received said moneys and securities as her attorney and agent, and promised and agreed to hold the same for her, and to account for and pay over the same to her when demanded." The complaint also alleged that the defendant had misapplied and appropriated the moneys to his own use. *Held*, that the action was on contract, and not in tort, and that a reference might properly be ordered therein.

APPEAL from an order denying a motion for a reference, on the ground that the action was one sounding in tort, and therefore not referable.

*Geo. L. Ingraham,* for the appellant.

*Robert Sewell,* for the respondent.

DAVIS, P. J.:

The court below denied the motion for a reference in this action on the ground, as stated in the opinion of the judge, that the action was one "sounding in tort, and therefore not referable." As to the character of the action the complaint is controlling. We think the complaint shows a cause of action on contract for the recovery of money, which the plaintiff alleges she placed in the hands of the defendant as her attorney and counsel, and for which she demands an accounting. She distinctly alleges that the defendant " received said moneys and securities as her attorney and agent, and promised and agreed to hold the same for her, and to account for and pay over the same to her when demanded ; " and she alleges a breach of this agreement. It does not change the character of the action, that she also alleges that the defendant has misapplied and appropriated the moneys to his own use ; that is merely another form of alleging a breach of the contract. The decision of the court in *Campbell* v. *Hoge,* a note of which may be found in 4 Hun, 672, is controlling in this case ; and we think the authorities establish that, on allegations such as are contained in this case, the action must be considered as one upon contract. (*Austin* v. *Rawdon,* 44 N. Y., 63 ; *Conaughty* v. *Nichols,* 42 id., 83 ; *Ledwich* v. *McKim,* 53 id., 307.) The Special Term having denied the motion on the ground of want of power, the order was clearly appealable. We think the order below should be reversed with ten dollars costs, besides disbursements, and the motion in the court below granted. Unless the parties agree upon a referee, the plaintiff may apply to the Special Term, upon the usual notice, for the appointment of such referee.

BRADY and DONOHUE, JJ., concurred.

Order reversed with ten dollars costs, besides disbursements, and motion for reference granted.